# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATTHEW HANNON,** : | No. 14cv2186 |
|     Plaintiff : | |
| : | (Judge Munley) |
| **v.** : | |
| : | |
| **LOWE'S HOME CENTERS, INC.,** : | |
|     Defendant / : | |
|     Third-Party Plaintiff : | |
| : | |
| **v.** : | |
| : | |
| **WE DO THAT CONSTRUCTION,** : | |
| **TODD ROMANCZUK, KITCHEN &** : | |
| **FLOORING CONTRACTOR, INC.,** : | |
| **and JEROME SAYLOR,** : | |
|     Third-Party Defendants : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition are Third-Party Defendants We Do That Construction and Todd Romanczuk's motions to dismiss pursuant to Federal Rule of Civil Procedure 12. (Docs. 30, 32). For the following reasons, the court will deny defendants' motions.

**Background**

This matter arises out of a June 8, 2012 accident at Lowe's Home Center Store in Bartonsville, Pennsylvania. Plaintiff Matthew Hannon alleges that, at the time of the accident, he worked part-time for Third-Party Defendant We Do That Construction (hereinafter "WDTC"), building a house

display at the Lowe's store with employees of Lowe's and/or another independent contractor. (Doc. 1 Compl. ¶¶ 4-6). Plaintiff filed suit against Lowe's, and alleges that due to Defendant Lowe's employees' negligence, the roof of the display fell on plaintiff's arm, causing a broken and dislocated wrist and other injuries. (Id. ¶ 6).

Defendant Lowe's Home Centers, Inc. (hereinafter "Lowe's") filed a third-party complaint against WDTC and its principal Todd Romanczuk and Kitchen & Flooring Contractor, Inc. (hereinafter "KFC") and its principal Jerome Saylor on January 16, 2015. (Doc. 9). Lowe's alleges that the third-party defendants are liable for any damages plaintiff suffered.

Third-Party Defendants WDTC and Romanczuk filed motions to dismiss on April 9, 2015. (Docs. 31, 33). The parties have briefed the issues and the motions are now ripe for determination.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff Matthew Hannon is a citizen of Pennsylvania. (Doc. 1, Compl. ¶ 1). Defendant Lowe's "is incorporated under the laws of a state or jurisdiction other than the Commonwealth of Pennsylvania," having its principal place of business in North Carolina. (Doc. 9, Third-Party Compl. ¶ 1). The third-party defendants are all Pennsylvania citizens. (Id. ¶¶ 2-5).

Additionally, the amount in controversy exceeds $75,000.  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").  As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendants filed their motions to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element"

of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim establishing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

The present motion hinges on a single issue. The third-party defendants argue that WDTC employed plaintiff at the time of the accident, and therefore they are immune from suit under the Workers' Compensation

Act (hereinafter "WCA"). Defendant Lowe's denies that plaintiff was an employee of WDTC at the time of the accident, and demands proof of that allegation. (Doc. 5, Answer ¶¶ 4,6).

The parties agree that the WCA precludes recovery of damages from an employer in the event that an employee is injured on the job. 77 PA. STAT. ANN. § 481(b). A dispute exists, however, as to whether WDTC did, in fact, employ plaintiff at the time of the accident. In deciding a motion to dismiss, we resolve disputed issues of material fact in favor of the non-moving party; Defendant Lowe's, in this instance. We cannot, therefore, dismiss defendant's claims against these two third-party defendants based on the WCA.[1]

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss will be denied. An appropriate order follows.

DATE: 8/10/15                                s/ James M. Munley
                                             **JUDGE JAMES M. MUNLEY**
                                             **United States District Court**

---

[1] This issue may best be determined pursuant to a motion for summary judgment where the court can examine evidence presented by the parties. Generally, such a motion can be filed at any time until thirty (30) days after the close of discovery. FED. R. CIV. P. 56(b).