## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW HANNON,** | : | **No. 3:14cv2186** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LOWE'S HOME CENTER, INC. d/b/a** | : | |
| **LOWE'S HOME IMPROVEMENT,** | : | |
| **LOWE'S HOME CENTER,** | : | |
| **Defendant /** | : | |
| **Third-Party Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WE DO THAT CONSTRUCTION,** | : | |
| **TODD ROMANCZUK, KITCHEN &** | : | |
| **FLOORING CONTRACTOR, INC., and** | : | |
| **JEROME SAYLOR,** | : | |
| **Third-Party** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court for disposition is Defendant Lowe's Home Center,

Inc.'s (hereinafter "Lowe's") motion for summary judgment.  (Doc. 63).  For

the reasons that follow, we will grant the motion.

## Background

This matter arises out of a June 8, 2012 personal injury incident at

Lowe's Home Center Store in Bartonsville, Pennsylvania.  At that time,

Lowe's subcontracted with Third-Party Defendant We Do That Construction

and its owner, Todd Romanczuk (collectively "WTDC"), to perform home construction and installation of decking and siding.  (Doc. 76, Def. Lowe's Statement of Uncontested Facts (hereinafter "SOF") ¶¶ 2, 5, 6).[1]  Lowe's also generally contracted with Third-Party Defendant Kitchen & Flooring Contractor, Inc. and its owner, Jerome Saylor (collectively "Kitchen & Flooring"), to perform interior installation and remodeling work.  (SOF ¶¶ 16, 20).  Kitchen & Flooring never subcontracted work to WDTC.  (SOF ¶ 15).

Lowe's contacted WDTC and Kitchen & Flooring to build a display house for its store.  Lowe's did not pay Kitchen & Flooring's owner, Defendant Saylor, for work on the display.  (SOF ¶ 27).  Similarly, WDTC agreed to work on the display voluntarily with the goal of obtaining future sales from Lowe's.  (SOF ¶ 41).  Plaintiff Matthew Hannon, an employee of WDTC, worked on the display house.  (SOF ¶¶ 1, 51, 65).  While lifting the roof of the display house, plaintiff broke his wrist when the roof fell on his arm.  (SOF ¶¶ 65, 68).  No Lowe's employees were present at the time of plaintiff's injury.  (SOF ¶ 66).

On November 14, 2014, plaintiff filed a complaint against Lowe's advancing one claim of negligence for failing to supervise, instruct, or

---

[1]  We cite to Lowe's SOF (Doc. 76) for statements which plaintiff generally agrees with in his response or are deemed admitted.  (Doc. 77).

otherwise monitor construction of the display house.  (Doc. 1, Compl.).  On

January 16, 2015, Lowe's filed a third-party negligence complaint against

WDTC and Kitchen & Flooring. (Doc. 9, Third-Party Compl.).

On October 12, 2016, Lowe's filed the instant motion for summary

judgment on plaintiff's complaint.  The parties have briefed their respective

positions and the matter is ripe for disposition.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C.

§ 1332.  Plaintiff is a citizen of Pennsylvania.  (Doc. 1, Compl. ¶ 1).

Defendant/Third-Party Plaintiff Lowe's "is incorporated under the laws of a

state or jurisdiction other than the Commonwealth of Pennsylvania," with its

principal place of business in North Carolina.  (Doc. 9, Third-Party Compl. ¶

1).  Third-Party Defendants WDTC and Kitchen & Flooring are citizens of

Pennsylvania.  (Id. ¶¶ 2-5).  Because complete diversity of citizenship

exists between the parties and the amount in controversy exceeds

$75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332

("[D]istrict courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States[.]").  As a

federal court sitting in diversity, the substantive law of Pennsylvania shall

apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158

(3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of Review**

Granting summary judgment is proper if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law.  See

Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P.

56(c)).  "[T]his standard provides that the mere existence of some alleged

factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be

no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court must

examine the facts in the light most favorable to the party opposing the

motion.  Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949

(3d Cir. 1990).  The burden is on the moving party to demonstrate that the

evidence is such that a reasonable jury could not return a verdict for the

nonmoving party.  Anderson, 477 U.S. at 248.  A fact is material when it

might affect the outcome of the suit under the governing law.  Id.  Where

4

the nonmoving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by establishing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories demonstrating that there is a genuine issue for trial.  Id. at 324.

**Discussion**

As previously stated, plaintiff filed a single-count negligence complaint against Lowe's asserting that Lowe's negligently failed to supervise, instruct, or otherwise monitor construction of the display house. Presently, Lowe's moves for summary judgment on plaintiff's negligence claim, contending that it cannot be held liable for injuries sustained by one of its subcontractor's employees.  After a careful review, we agree with Lowe's.

In Pennsylvania, a cause of action in negligence requires a plaintiff to establish four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such

5

breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage.  Pyeritz v. Commonwealth, 32 A.3d 687, 692 (Pa. 2011) (citation omitted).  In the instant matter, Lowe's challenges the existence of a duty, which "consists of one party's obligation to conform to a particular standard of care for the protection of another."  R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005) (citing Atcovitz v. Gulph Mills Tennis Club, 812 A.2d 1218, 1222 (Pa. 2002)).  "Whether a defendant owes a duty to a plaintiff is a question of law."  In re TMI, 67 F.3d 1103, 1117 (3d Cir. 1995) (citations omitted).

In the construction context, a party that hires a general or independent contractor is generally exempt from liability for injuries sustained by the general contractor's employees.  Farabaugh v. Pa. Turnpike Comm'n, 911 A.2d 1264, 1273 (Pa. 2006); see also RESTATEMENT (SECOND) OF TORTS § 409 ("[T]he employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants.").  The hiring party, however, must use "reasonable care to make the premises safe or give adequate and timely warning of dangers known to him but unknown to the contractor or his employees."  Farabaugh, 911 A.2d at 1273 (citing Crane v. I.T.E. Circuit Breaker Co., 278 A.2d 362, 363-64 (Pa. 1971) (citations omitted)).

Pennsylvania law provides two exceptions to this rule: (1) the hiring party retained and exercised "control over the means and methods of the contractor's work" or (2) the work being performed poses a "special danger" or is "particularly risky." Id. at 1274, 1276. Plaintiff appears to argue only that the "retained control" exception applies. The contours of the exception are explained in the comment to the Restatement:

> [F]or the [retained control exception] to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

RESTATEMENT (SECOND) OF TORTS § 414, cmt. c (citing LaChance v. Michael Baker Corp., 869 A.2d 1054, 1058-59 (Pa. Commw. Ct. 2005)).

Here, no evidence of record indicates that Lowe's retained control over the methods and manner pertaining to construction of the display house. In fact, the only evidence related to such control is the deposition of a Lowe's store manager, Wayne Brooks, who testified that Lowe's project specialist interior, Adrienne Lopez (hereinafter "PSI"), wanted to build the

display house.  (Doc. 78, Ex. A, Dep. of Wayne Brooks at 18-19).  Plaintiff also cites to the purported testimony of the PSI, who "sketched something up in conjunction with the general contractor[,]" including dimensions for the display house, and also "helped paint the inside" of the display.  (Doc. 77, Pl.'s Ans. to Def. Lowe's SOF (hereinafter "Pl.'s Ans.") at 2).  While the PSI may have provided "a rough idea of what she wanted" to Kitchen & Flooring (SOF ¶ 33), the testimony proffered by plaintiff clearly indicates that the process of designing the display house was collaborative rather than controlling.  (Pl.'s Ans. at 2-4).

Notwithstanding the process of <u>designing</u> the display house, plaintiff cites no evidence demonstrating that the PSI, or any other Lowe's employee, actually controlled the <u>methods</u> of work exercised by WDTC or Kitchen & Flooring on the display house.  Indeed, no evidence of record indicates that Lowe's retained a right of supervision over Kitchen & Flooring or WDTC's work such that these contractors were not free to construct the display house as they saw fit.  In fact, Kitchen & Flooring and WFTC built the display without so much as a blueprint or drawing.  (SOF ¶ 34).

Based upon the undisputed record, plaintiff has failed to adduce evidence sufficient to prove that Pennsylvania's "retained control" exception applies to the general rule that an employer is exempt from liability for

injuries sustained by the general contractor's employees.  As such, with respect to plaintiff's sole claim of negligence, we find that Lowe's had no duty to conform to a certain standard of conduct and is thus entitled to judgment as a matter of law.

**Conclusion**

For the foregoing reasons, the court will grant Lowe's motion for summary judgment.  An appropriate order follows.

**Date: <u>January 17, 2017</u>**          **<u>s/ James M. Munley</u>**
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**