## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATTHEW HANNON,** | : | **No. 3:14cv2186** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LOWE'S HOME CENTER, INC. d/b/a** | : | |
| **LOWE'S HOME IMPROVEMENT,** | : | |
| **LOWE'S HOME CENTER,** | : | |
| **Defendant /** | : | |
| **Third-Party Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WE DO THAT CONSTRUCTION,** | : | |
| **TODD ROMANCZUK, KITCHEN &** | : | |
| **FLOORING CONTRACTOR, INC., and** | : | |
| **JEROME SAYLOR,** | : | |
| **Third-Party** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court for disposition is Plaintiff Matthew Hannon's (hereinafter "plaintiff") motion for reconsideration. (Doc. 83). Plaintiff's motion challenges the court's January 17, 2017 order granting Defendant Lowe's Home Center, Inc.'s (hereinafter "Lowe's") motion for summary judgment. (Doc. 80). For the following reasons, we will deny plaintiff's motion.

**Background**

This matter arises out of a June 8, 2012 personal injury incident at Lowe's Home Center Store in Bartonsville, Pennsylvania.  At that time, Lowe's subcontracted with Third-Party Defendant We Do That Construction and its owner, Todd Romanczuk (collectively "WTDC"), to perform home construction and installation of decking and siding.  (Doc. 76, Def. Lowe's Statement of Uncontested Facts (hereinafter "SOF") ¶¶ 2, 5, 6).[1]  Lowe's also generally contracted with Third-Party Defendant Kitchen & Flooring Contractor, Inc. and its owner, Jerome Saylor (collectively "Kitchen & Flooring"), to perform interior installation and remodeling work.  (SOF ¶¶ 16, 20).  Kitchen & Flooring never subcontracted work to WDTC.  (SOF ¶ 15).

Lowe's contacted WDTC and Kitchen & Flooring to build a display house for its store.  Lowe's did not pay Kitchen & Flooring's owner, Defendant Saylor, for work on the display.  (SOF ¶ 27).  Similarly, WDTC agreed to work on the display voluntarily with the goal of obtaining future sales from Lowe's.  (SOF ¶ 41).  Plaintiff Matthew Hannon, an employee of WDTC, worked on the display house.  (SOF ¶¶ 1, 51, 65).  While lifting the roof of the display house, plaintiff broke his wrist when the roof fell on his

---

[1]  We cite to Lowe's SOF (Doc. 76) for statements which plaintiff generally agrees with in his response or are deemed admitted.  (Doc. 77).

arm.  (SOF ¶¶ 65, 68).  No Lowe's employees were present at the time of plaintiff's injury.  (SOF ¶ 66).

On November 14, 2014, plaintiff filed a complaint against Lowe's advancing one claim of negligence for failing to supervise, instruct, or otherwise monitor construction of the display house.  (Doc. 1, Compl.).  On January 16, 2015, Lowe's filed a third-party negligence complaint against WDTC and Kitchen & Flooring. (Doc. 9, Third-Party Compl.).

On October 12, 2016, Lowe's filed a motion for summary judgment. (Doc. 63).  We granted the motion on January 17, 2017.  (Doc. 80).  On January 31, 2017, plaintiff filed the instant motion for reconsideration. (Doc. 83).  The parties have briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff is a citizen of Pennsylvania.  (Doc. 1, Compl. ¶ 1). Defendant/Third-Party Plaintiff Lowe's "is incorporated under the laws of a state or jurisdiction other than the Commonwealth of Pennsylvania," with its principal place of business in North Carolina.  (Doc. 9, Third-Party Compl. ¶ 1).  Third-Party Defendants WDTC and Kitchen & Flooring are citizens of Pennsylvania.  (Id. ¶¶ 2-5).  Because complete diversity of citizenship

exists between the parties and the amount in controversy exceeds

$75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332

("[D]istrict courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States[.]").  As a

federal court sitting in diversity, the substantive law of Pennsylvania shall

apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158

(3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of Review**

Plaintiff seeks reconsideration of the court's January 17, 2017 order

granting Lowe's motion for summary judgment.  "The purpose of a motion

for reconsideration is to correct manifest errors of law or fact or to present

newly discovered evidence."  Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909

(3d Cir. 1985); Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176

F.3d 669, 677 (3d Cir. 1999).  The movant must demonstrate one of three

grounds for such a motion to be granted: (1) an intervening change in

controlling law; (2) the availability of new evidence not previously available;

or (3) the need to correct a clear error of law or to prevent manifest

injustice.  Max's Seafood Cafe, 176 F.3d at 677.   A motion for

reconsideration is not a proper vehicle merely to attempt to convince the

court to rethink a decision it has already made.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

**Discussion**

Plaintiff's motion for reconsideration is not based on an intervening change in controlling law or new evidence not previously available.  Rather, he infers that the court committed a manifest error of law or must intervene to prevent manifest injustice.  Specifically, plaintiff asserts that the display house presented a "special danger," which the court did not consider when granting Lowe's motion for summary judgment.  Lowe's argues that plaintiff has not established a clear error of law or manifest injustice warranting reconsideration.  After a careful review, we agree with Lowe's.

As previously stated, plaintiff filed a single-count negligence complaint against Lowe's asserting that Lowe's negligently failed to supervise, instruct, or otherwise monitor construction of the display house. In Pennsylvania, a cause of action in negligence requires a plaintiff to establish four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage.  Pyeritz v. Commonwealth, 32 A.3d 687, 692 (Pa. 2011) (citation omitted).  In its motion for summary judgment, Lowe's challenged

5

the existence of a duty, which "consists of one party's obligation to conform to a particular standard of care for the protection of another." R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005) (citing Atcovitz v. Gulph Mills Tennis Club, 812 A.2d 1218, 1222 (Pa. 2002)).  "Whether a defendant owes a duty to a plaintiff is a question of law." In re TMI, 67 F.3d 1103, 1117 (3d Cir. 1995) (citations omitted).

In the construction context, a party that hires a general or independent contractor is generally exempt from liability for injuries sustained by the general contractor's employees. Farabaugh v. Pa. Turnpike Comm'n, 911 A.2d 1264, 1273 (Pa. 2006); see also RESTATEMENT (SECOND) OF TORTS § 409 ("[T]he employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants.").  The hiring party, however, must use "reasonable care to make the premises safe or give adequate and timely warning of dangers known to him but unknown to the contractor or his employees." Farabaugh, 911 A.2d at 1273 (citing Crane v. I.T.E. Circuit Breaker Co., 278 A.2d 362, 363-64 (Pa. 1971) (citations omitted)).

Pennsylvania law provides two exceptions to this rule: (1) the hiring party retained and exercised "control over the means and methods of the contractor's work" or (2) the work being performed poses a "special danger"

6

or is "particularly risky."  Id. at 1274, 1276.  Initially, plaintiff argued only that the "retained control" exception applies, and the court granted summary judgment for Lowe's on the basis that the "retained control" exception does not apply.  Plaintiff now argues that the "special danger" exception applies.

First, we note that motions for reconsideration may not be used to give a dissatisfied party a chance to "[change] theories and try again," and thus obtain a "'second bite at the apple.'"  Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir.1995).  "Whatever other circumstances may justify reconsideration, mere presentation of arguments or evidence *seriatim* does not."  Id. (citation omitted).  At summary judgment, plaintiff failed to **clearly** argue that the "special danger" exception applies to this case, and therefore, his motion for reconsideration will be denied.

Addressing the merits of plaintiff's motion *arguendo* does not alter our determination.  The peculiar risk exception applies where (1) "the risk is foreseeable to the owner at the time the contract is executed" and (2) "the risk is different from the usual and ordinary risk associated with the general type of work done."  Farabaugh, 911 A.2d at 1277 (quoting Emery v. Leavesly McCollum, 725 A.2d 807, 814 (Pa. Super. Ct.1999)).  "[F]or the liability concepts involving contractors to retain any meaning, especially in

7

industries such as construction where almost every job task involves the potential for injury unless ordinary care is exercised, peculiar risk situations should be viewed narrowly, as any other exception to a general rule is usually viewed." Marshall v. SEPTA, 587 F. Supp. 258, 264 (E.D. Pa. 1984).

Here, no evidence of record indicates that the risk of constructing the display house was any different from the usual and ordinary risk associated with general construction work.  Plaintiff argues that the opinion of his expert witness, Alan R. Sizmur, demonstrates that the display house presented a peculiar risk because the roof of the house was too top heavy. Thus, plaintiff argues that the manner in which this roof was built posed a peculiar risk.  Plaintiff cites no law, however, in support of his position.

Moreover, to impose a duty on Lowe's based on the "peculiar risk" exception would only serve to encourage contractors and their employees to perform their jobs negligently.  If plaintiff's argument were to succeed, "the more negligent that an independent contractor and/or his servants are in performing an ordinary task, the more likely it is that the peculiar risk doctrine should be invoked and the employer of the contractor should be held vicariously liable." Farabaugh, 911 A.2d at 1387.  This would indeed

be poor public policy.  Therefore, we will deny plaintiff's motion for reconsideration.

**Conclusion**

For the foregoing reasons, the court will deny plaintiff's motion for reconsideration.  An appropriate order follows.

Date: <u>**February 27, 2017**</u>          <u>**s/ James M. Munley**</u>
                                     **JUDGE JAMES M. MUNLEY**
                                     **United States District Court**